UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                              Case No. 3:21-cr-825

            Plaintiff,

    v.                                                                                  ORDER

Antonio Brown,

            Defendant.


Defendant Antonio Brown filed a motion for an order requiring the Bureau of Prisons to transfer him to supervised home confinement for the remainder of his prison sentence because he has been denied placement in a residential reentry center due to lack of space.  (Doc. No. 28).  He also filed two supplements to his motion.  (Doc. Nos. 31 and 32).

I conclude I lack the authority to grant Brown's motion, because federal law delegates the authority to place an incarcerated individual in home confinement to the Bureau of Prisons.  *See Miller v. United States*, 453 F. Supp. 3d. 1062, 1064-65 (E.D. Mich. 2020) (citing cases).  Section 3624 provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c)(1).  That subsection also suggests "[s]uch conditions <u>may</u> include a community correctional facility."  18 U.S.C. § 3624(c)(1) (emphasis added).

Section 3624 "does not create an individual right to be placed in a particular reentry program or in home confinement . . . [and] vests the Director [of the Bureau of Prisons] with discretion to determine when and where a prisoner's reentry preparation will occur."  *United States v. Miller*, No. 2:12-CR-87, 2017 WL 5514528, at *1 (S.D. Ohio Nov. 17, 2017).  Moreover, the Director's exercise of discretion regarding home confinement decisions is not subject to judicial review.  *See Cook v. Peters*, Case No. 23-cv-2210, 2024 WL 895150, at *2 (N.D. Ohio Mar. 1, 2024) (citations omitted).

For these reasons, I deny Brown's motion.  (Doc. No. 28).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge